**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
INTAQUAB ALI, *pro se*,                  :
                                                :
                        Petitioner,          :
                                                :       **MEMORANDUM & ORDER**
        -against-                 :          14-CV-03292 (DLI)
                                                :
SUPERINTENDENT OF OTISVILLE     :
CORRECTIONAL FACILITY,             :
                                                :
                        Respondent.      ::
-------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

On May 27, 2014, *pro se* petitioner Intaquab Ali ("Petitioner"), currently incarcerated at Otisville Correctional Facility in New York, filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254").[1]  (*See* Petition ("Pet."), Docket Entry No. 1.) Petitioner challenges a judgment of the New York State Supreme Court, Queens County, rendered May 8, 2009, convicting him of attempted murder in the second degree, assault in the first degree, aggravated criminal contempt, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, and imposing a sentence of eleven years of imprisonment plus five years of post-release supervision.  (*Id.* at 1.)  Respondent moves to dismiss the Petition as premature based on the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and because Petitioner has not exhausted available state remedies.  (*See generally* Respondent's Mot. to Dismiss the Pet., Docket Entry No. 6.)  Petitioner opposes.  (*See generally* Petitioner's Traverse in Opp. to Mot. to Dismiss ("Opp'n"), Docket Entry No. 9.)  For the reasons set forth

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted).  Courts should "interpret [such papers] to raise the strongest arguments that they suggest."  *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted).  Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done."  *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

below, Respondent's motion is GRANTED.

## DISCUSSION

Petitioner brings this Petition pursuant to § 2254. However, consistent with the rule of federal-state comity articulated by the Supreme Court in *Younger*, that statute cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 493 (1973); *see also Younger*, 401 U.S. at 45-46 (federal courts may not intervene in ongoing state criminal proceedings except in the most "extraordinary circumstances"); *Allen v. Maribal*, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011). The Petition, therefore, is premature, as it is undisputed that, when it was filed, Petitioner's direct appeal from his judgment of conviction was still pending before the intermediate appellate courts in New York. *See Frazier v. Armstrong*, 2008 WL 5244136, at *2 (N.D.N.Y. Dec. 16, 2008) ("[I]t is clearly premature for [a petitioner] to pursue a § 2254 petition in this District before his direct appeal of his conviction has been fully decided by the state courts."); *accord Jordan v. Bailey*, 985 F. Supp. 2d 431, 437-38 (S.D.N.Y. 2013); *Robinson v. Sposato*, 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012); *Waters v. Lape*, 2008 WL 361200, at *1 (E.D.N.Y. Feb. 11, 2008).

Although it appears that, on December 31, 2014, while the instant motion to dismiss was pending, the New York State Appellate Division, Second Department ("Appellate Division") issued a decision affirming Petitioner's judgment of conviction, that development does not alter the Court's determination that the Petition is premature. *See People v. Ali*, 123 A.D.3d 1137 (2d Dep't 2014). The record before the Court does not indicate whether Petitioner has sought leave to appeal from the New York State Court of Appeals, or, if he indeed has, the status of that application. Until this Court is assured that the state appeals process is complete, principles of

federalism preclude it from granting habeas relief that may have the effect of derailing ongoing state proceedings

Furthermore, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations marks omitted). This rule requires that a prisoner "fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *See Id.* (internal quotation marks omitted). A claim is not exhausted for the purposes of § 2254 until "the petitioner has utilized every opportunity offered to him in state procedure to obtain the same relief from the state courts." *DiSimone v. Phillips*, 518 F.3d 124, 127 (2d Cir. 2008); *see also* 28 U.S.C. § 2254(c).

Here, Petitioner asserts three grounds for the relief sought in the Petition: (1) he received ineffective legal assistance from his appellate counsel; (2) the jury verdict underlying his conviction was against the weight of evidence, particularly with respect to certain evidence concerning the seriousness of physical injury he allegedly caused; and (3) the evidence in support of his conviction was legally insufficient. (*See* Pet. at 6-10.) It is undisputed that all three of those claims are unexhausted, as Petitioner concedes he did not raise them in his direct appeal or otherwise present them to any state court.[2] (*See id.* at 6-10, 13.)

Even if a claim is unexhausted, the technical requirements for exhaustion may still be met

---

[2] On direct appeal, Petitioner challenged his conviction on the grounds that the trial court: (1) impermissibly admitted out-of-court hearsay testimony based on an erroneous finding that Petitioner caused the witness' unavailability at trial; (2) committed error in denying Petitioner's *Batson* challenge to the State's striking of a juror; and (3) erroneously denied Petitioner's post-trial motion to set aside the verdict based on newly discovered evidence. (*See* Pet. at 2; Affidavit of Jill A. Gross in Supp. of Mot. to Dismiss ("Gross Aff.") ¶ 13, Docket Entry No. 6.)

if there is an "absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004). Typically, an absence of such process will be found where a claim is procedurally barred by applicable state law. *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). Here, however, Petitioner's claim that he received ineffective assistance from his appellate counsel apparently still can be pursued through a *coram nobis* proceeding before the Appellate Division, and, thus, that claim should not be deemed exhausted. *See Beuther v. Lefevre*, 1989 WL 18726, at *1 (E.D.N.Y. Feb. 15, 1989) (citing *People v. Bachert*, 69 N.Y.2d 593, 596 (N.Y. 1987)); *accord Mills v. Lempke*, 2015 WL 1632656, at *7 (W.D.N.Y. Apr. 13, 2015); *Moss v. New York*, 2014 WL 585928, at *9 (E.D.N.Y. Feb. 12, 2014); *Gordon v. Bradt*, 2012 WL 4344168, at *1 (E.D.N.Y. Sept. 21, 2012). It follows that Petitioner's application at best represents a "mixed petition" containing both exhausted and unexhausted claims, which this Court is prohibited from ruling on before all of Petitioner's claims have been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding that a rule of "total exhaustion" applies to § 2254 petitions); *see also* 28 U.S.C. § 2254(b)(1)(A).

Petitioner nonetheless argues that the long delay in the disposition of his appeal, which has been pending since August 1, 2011 according to Petitioner, justifies this Court's immediate consideration of the Petition. (*See* Pet. at 6-10, 13; Opp'n at 3.) A long line of Second Circuit authority indeed recognizes that a failure to exhaust may be excused where there has been a "substantial delay in the state criminal appeal process." *Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991). However, on December 31, 2014, the Appellate Division decided Petitioner's appeal, affirming his judgment of conviction. (*See supra*.) Consistent with the Second Circuit's

most recent decision addressing state appellate delay in the context of federal habeas, principles of federal-state comity strongly militate against addressing the merits of Petitioner's claims now that his appeal has moved ahead. *See Roberites v. Colly*, 546 F. App'x 17, 20 (2d Cir. 2013) ("[I]n light of the fact that this appeal is now moving forward, we will not ourselves address the merits of [petitioner's] challenge to his conviction in advance of state courts.") This conclusion is all the more warranted given that Petitioner's claims have not yet been presented to any state court. Furthermore, the Court has considered the factors articulated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), concerning the right to a speedy trial, and finds that they do not alter the Court's determination that it should refrain from prematurely deciding the Petition.

To the extent Petitioner argues this Court must decide the Petition because of the "constitutionally ineffective process" associated with the delay in receiving a decision on his appeal, the Court acknowledges that appellate delay can in some cases rise to a denial of due process. (*See* Opp'n at 3.) However, the appropriate remedy in such a case generally is a conditional writ directing the release of the prisoner if his appeal is not decided by a date certain. *See Roberites*, 546 F. App'x at 20-21. The facts here do not warrant such relief, and, in any event, the issuance of a conditional writ would be futile given the recent decision on Petitioner's appeal.

Finally, Petitioner also contends that the motion to dismiss should not be granted because Respondent "failed to address the issue of waiver," though what Petitioner is arguing is not entirely clear to the Court. (Opp'n at 3.) To the extent Petitioner argues that Respondent waived the exhaustion requirement of § 2254, the Court notes that § 2254 was amended in 1996 and now provides that the State cannot waive that requirement unless it does so explicitly through

counsel. 28 U.S.C. § 2254(b)(3). Thus, there is no basis on the record before the Court to find any waiver on the part of Respondent.

The only remaining question for the Court is whether the Petition should be dismissed without prejudice, or, in the alternative, stayed pending exhaustion of Petitioner's ineffective assistance of appellate counsel claim. Applying the criteria set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), the Court has considered the potential merit of Petitioner's claims and whether there was good cause for his failure to exhaust those claims in state court, and concludes that dismissal is the more appropriate course. *See id.* at 277-78. The facts here do not present the "limited circumstances" in which a stay is warranted for the additional reason that Petitioner has adequate time to bring a *coram nobis* proceeding before the Appellate Division without any immediate threat that the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") will expire. *See Id.* at 274-276; *Alke v. Artus*, 2013 Wl4700828, at *2-3 (E.D.N.Y. Sept. 1, 2013); *see also* 28 U.S.C. § 2244(d)(1).

## CONCLUSION

In accordance with the foregoing, the Petition is hereby dismissed without prejudice. Because the Court declines to reach the merits of the Petition and dismisses it purely on procedural grounds, Petitioner's filing of a subsequent petition asserting the same grounds for relief shall not count as a "second" or "successive" petition under AEDPA. *See Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003). As Petitioner has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); *see also Moss*, 2014 WL 585928, at *12; *Maribal*, 2011 WL 3162675, at *2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        September 23, 2015

                                                    /s/
                                    _____
                                    DORA L. IRIZARRY
                                    United States District Judge